**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

FRED LEE HOGAN,                                                                                          PLAINTIFF
ADC #79894

VS.                              CASE NO. 5:08-cv-00169-SWW-JTK

RAY HOBBS, et al.                                                                                     DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS
INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.    Introduction**

This matter is before the Court on the Defendants' Motion for Summary Judgment (Doc. No. 38). Plaintiff filed a Response in opposition to the Motion (Doc. No. 43).

Plaintiff is a state inmate currently incarcerated at the Maximum Security Unit of the Arkansas Department of Correction (ADC). He filed this action against Defendants pursuant to 42 U.S.C. § 1983, alleging unlawful discrimination with respect to their refusal to assign him to a work detail job following completion of an incentive level program at the Varner Super Max Unit. Several Defendants were previously dismissed from this action by Order dated October 14, 2008 (Doc. No. 11). The remaining Defendants and their positions at the time Plaintiff filed this lawsuit are: John Whaley, Assistant Warden at the Varner Unit; Darryl Golden, Assistant Warden at the Varner Unit; Revonna Walker, Classification Officer at the Varner Unit; Sammy Johnson, Captain at the Varner Unit; and Kim Luckett, Warden at the Varner Unit. Plaintiff asks for monetary relief from Defendants for mental distress.

## II.  Summary Judgment

### A.  Facts

According to the mostly undisputed facts set forth by the parties, Plaintiff transferred to the Varner Super Max Unit on December 9, 2005, and was assigned to the Unit's 18-month Incentive Level Program (Program). He completed the Program on July 11, 2007, and was assigned to Administrative Segregation (Ad Seg). Plaintiff was transferred to the Maximum Security Unit on June 4, 2008, and later was assigned to Cellblock 2 and an inside utility job on June 25, 2008.

Plaintiff alleges in his Complaint that Defendants discriminated against him by not immediately assigning him to a work detail job following his completion of the Program on July 11, 2007. Defendants Walker, Golden, Luckett and Whaley were members of the Classification Committee at the Varner Unit, and Defendant Johnson was responsible for work detail positions. Plaintiff alleges Defendants discriminated against him because they assigned jobs to three other inmates: Charles Nelson, Marcus Greer, and David Williams.

In his deposition (Doc. No. 40-2), Plaintiff stated he did not know if inmate Nelson participated in the Program, but he believed inmates Greer and Williams participated. He stated he requested to be assigned to work detail, but did not respond when asked if Defendants provided a reason in support of their decision. He also stated he was not denied any basic necessities while housed in Ad Seg.

### B.  Defendants' Motion

Defendants state Plaintiff's allegations against them should be dismissed for failure to state a claim. Defendants also state they are protected from liability by sovereign immunity and qualified immunity. Defendants state they did not violate Plaintiff's equal protection rights, because the three

inmates named by Plaintiff were not similarly situated to Plaintiff. The Equal Protection Clause requires that similarly-situated persons be treated alike by state actors. Bogren v. Minnesota, 236 F.3d 399, 408 (8th Cir. 2000). In addition, if Plaintiff's claim is based on alleged racial discrimination, he must show Defendants treated him differently because of his race. Foster v. Wyrick, 823 F.2d 218, 221 (8th Cir. 1987).

Defendants present the affidavit of Defendant Revonna Walker (Doc. No. 40-1), who states that of the three inmates named by the Plaintiff, only one of them also participated in the Program with Plaintiff. Walker states Marcus Greer, an African-American inmate, completed the same Program as Plaintiff, and was assigned to Ad Seg on July 11, 2007, and assigned to work in the Laundry on February 20, 2008. (Id. at p. 2). However, the other two inmates, Charles Nelson and David Williams, never participated in the Program (Id. at pp. 2-3). Defendant Walker also stated an inmate's disciplinary history is considered when determining whether to assign work detail. Plaintiff's history included 15 disciplinaries for assault and battery, while inmate Greer's history consisted of one fistfight with another inmate in November, 2002 and an assault on a staff member in October 2005. (Id.)

Because of these differences, Defendants state Plaintiff cannot show that any of the three other inmates were similarly situated to him, to support his claim for discrimination. The only inmate who participated in the Program with Plaintiff, inmate Greer, is of the same race as Plaintiff but did not have the same disciplinary history as Plaintiff. Therefore, Defendants state he was not similarly situated to the Plaintiff.

### C.     Plaintiff's Response

In his Response, Plaintiff states, "this is not a racial issue," yet maintains he was discriminated because of his past history (Doc. No. 44, p. 4).  Plaintiff states Defendants violated the Program policies by not treating him fairly and equally and this caused him mental distress. He further states Defendants acted in an unprofessional manner toward him, with a discriminatory attitude, and that other inmates were given jobs and released to general population.

### D.     Standard of Review

Pursuant to FED.R.CIV.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), citing Celotex Corp v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Webb, 144 F.3d at 1135, citing Celotex, 477 U.S. at 324.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit."  Webb, 144 F.3d at 1135.

**E.     Analysis**

Having reviewed the parties' submissions, the Court finds no dispute of material fact and that Defendants' Motion should be granted as a matter of law.  Plaintiff admits he is not suing based on racial discrimination, but states Defendants discriminated against him based on his disciplinary history.  He does not provide any evidence Defendants treated him in a different way from another similarly-situated inmate, which is required to support an Equal Protection claim.  See Bogren, 236 F.3d at 408.  None of the three inmates he names in support of his Complaint were similarly situated to him.  Two of those inmates did not participate at all in the Program, and the other inmate who did participate in the Program did not have the same disciplinary history as the Plaintiff.

Furthermore, there is no constitutional right to a job in prison.  Lumholt v. Holder, 287 F.3d 683, 684 (8th Cir. 2002) (per curiam), and Lyon v. Farrier, 727 F.2d 766 (8th Cir. 1984).  Therefore, Plaintiff cannot state a constitutional claim based on the Defendants' failure to immediately assign him to a prison job.  Finally, Plaintiff's allegations that Defendants violated Varner Super Max policies with respect to the Program, also do not state a constitutional claim for relief.  See Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1993), where the Court stated the mere violation of a state law or rule does not constitute a federal due process violation, and the specification of a particular procedure does not create a Fourteenth Amendment liberty interest.  In this particular case, Plaintiff does not allege that the Program policies mandated his placement in a prison job immediately following completion of the Program.  In fact, Plaintiff does not specify how the Defendants violated the policies, nor does he identify what policies were violated.

### III.     Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment be GRANTED, and Plaintiff's Complaint against Defendants be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 1st day of October, 2010.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE